NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRE ALMOND DENNISON, | No. 22-16338 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-04539-SPL |
| v. | |
| CHARLES L. RYAN, Director of ADOC; TODD MASTERSON; SHAWN STEBER; DONALD DARRAS; CHRISTOPHER KRIEBEL; FRANCISCO LOPEZ; DOUGLAS WOOD, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted December 2, 2024
Pasadena, California

Before: GOULD, CLIFTON, and SANCHEZ, Circuit Judges.

Plaintiff-Appellant Andre Almond Dennison, an inmate in Arizona, appeals

the judgment entered against him following a jury trial on his Fourth and Eighth

Amendment claims against Defendants-Appellees. Dennison alleges that he was

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Panel

sexually assaulted by correctional officer Todd Masterson after Masterson conducted an improper strip search. The strip search arose after Dennison refused to take a full-body photograph for the prison's identification system. An Arizona jury returned a verdict against Dennison on both of his claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Dennison contends that the district court erroneously excluded from evidence a recorded phone call between Dennison and his father made shortly after the alleged sexual assault. The recorded statements were excluded by the district court based on hearsay and lack of foundation. For the first time on appeal, Dennison argues that his statements should have been admitted as prior consistent statements under Federal Rules of Evidence 801(d)(1)(B). Normally, we review "evidentiary rulings challenged on appeal on grounds not raised in the district court for plain error." *United States v. Hayat*, 710 F.3d 875, 894 (9th Cir. 2013) (internal quotation marks omitted). The parties dispute whether Dennison properly preserved his objection below. We need not resolve this disagreement because, even under an abuse of discretion standard, we would conclude that the district court did not abuse its discretion in excluding this evidence.

Because the record on appeal does not include the transcript of Dennison's phone call with his father, we are unable to determine whether the phone call included prior consistent statements. Even if we were to speculate that Dennison's

statements to his father were consistent with his testimony, those statements carry limited probative value. Dennison had already testified as to his version of the events, which was contradicted by the testimony of several competing witnesses who testified that no assault had taken place. Because the record does not provide a basis to evaluate Dennison's prior statements, we cannot conclude that the district court's exclusion of the evidence was an abuse of discretion.

2.      Dennison argues that the district court erred by granting Masterson's motion to quash Dennison's subpoena of correctional officer Raymond Mangan, a non-party witness. Generally, "we review the grant or denial of a motion to quash a subpoena for abuse of discretion." *In re Cal. Pub. Util. Comm'n*, 892 F.2d 778, 780 (9th Cir. 1989). The parties disagree whether Dennison's claim of error should be reviewed for plain error or under an abuse of discretion standard. We need not resolve this issue because Mangan's testimony was tangential to the trial proceedings below and would not have affected the outcome of the jury's verdict.

According to Dennison, Mangan was expected to corroborate Dennison's testimony that he was not scheduled for a full-body photograph. But whether Mangan believed Dennison to be correct is irrelevant to the reasonableness of the strip search conducted by Masterson, which was based on Dennison's suspicious behavior. Moreover, Mangan was not present at the time of Dennison's refusal to take the photograph and the strip search that followed. Because Mangan could not

speak to Dennison's behavior or whether any sexual assault occurred, the absence of Mangan's testimony at trial was harmless and does not warrant reversal of the district court's order.

3.    Dennison argues that the district court abused its discretion by excusing a juror who fell asleep during trial without first conducting an evidentiary hearing. Trial judges have "considerable discretion in determining whether to hold an investigative hearing on allegations of jury misconduct and in defining its nature and extent." *United States v. Barrett*, 703 F.2d 1076, 1083 (9th Cir. 1983) (citing *United States v. Hendrix*, 549 F.2d 1225, 1227 (9th Cir. 1977)). Here, the trial judge directly observed the juror "nodding off" three times and "flat out sleeping" twice. The district court did not abuse its discretion by relying on its own direct observations of the juror sleeping repeatedly to excuse the juror.

**AFFIRMED.**